*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0041p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee/Cross-Appellant*,

      *v.*

SHAWN PAUL DOYLE,
      *Defendant-Appellant/Cross-Appellee*.

Nos. 09-3003/3102

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 05-00005-001—S. Arthur Spiegel, District Judge.

Decided and Filed: February 9, 2011

Before: MARTIN, NORRIS, and COOK, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Ravert J. Clark, Cincinnati, Ohio, for Appellant. Benjamin C. Glassman, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellee.

_____

**OPINION**

_____

COOK, Circuit Judge. A year after pleading guilty to drug charges, Defendant-Appellant Shawn Doyle moved to vacate his sentence for ineffective assistance of counsel. Though the court denied the underlying ineffective assistance claim, it nonetheless granted the motion and resentenced Doyle. He now asks us to review his resentencing hearing, alleging that the court impermissibly felt itself bound to reinstate his original sentence. The government cross-appeals, arguing that because the district court rejected Doyle's ineffective assistance claim, it lacked the authority to set aside his

1

sentence.  We agree with the government.  We accordingly vacate the district court's order granting Doyle's § 2255 motion and reinstate his original sentence.

## I.  Background

In early 2005 a federal grand jury indicted Doyle on two counts of possession of crack cocaine with intent to distribute.  Doyle pleaded guilty to one count in exchange for dismissal of the other.   Based upon Doyle's assistance in ongoing criminal investigations, the government moved for a § 5K1.1 downward departure, resulting in a sentencing guidelines range of 140–175 months, and stated that it might seek a Rule 35 post-sentencing reduction for Doyle's continued cooperation.  The district court then sentenced Doyle to 140 months' imprisonment.

From prison in the ensuing year, Doyle moved to vacate his sentence, alleging that he "explicitly instructed his counsel to institute an appeal, but the attorney failed and refused to do so."  Though the district court denied the motion, this court granted Doyle a certificate of appealability and remanded the case for an evidentiary hearing to determine "whether trial counsel did not file a notice of appeal despite a request to do so." *Doyle v. United States*, No. 07-3425, at 2 (6th Cir. July 29, 2008) (order granting certificate of appealability).

At the evidentiary hearing, both Doyle and his attorney testified that they discussed an appeal.  Doyle then admitted that, contrary to the claims in his motion to vacate, he did *not* instruct his attorney to file a notice of appeal.  Instead, in the days following his sentencing, his lawyer told him he "still [had] a shot at the Rule 35," and warned that an appeal might "make the prosecution mad."  After a "lengthy discussion," they made a "tactical decision" not to appeal.  With the benefit of this evidence, the district court predictably ruled against Doyle on his ineffective assistance claim, but then unpredictably proceeded to grant the § 2255 motion nevertheless, explaining that it was "in the interests of justice for the Court to resentence Defendant, and therefore allow him the opportunity to appeal should he so decide." *United States v. Doyle*, No. 1:05-CR-005, at 1–2 (S.D. Ohio Nov. 20, 2008) (order granting motion to vacate).

At resentencing, the court again sentenced Doyle to 140 months. Doyle's attorney immediately filed the instant appeal, claiming that the court overlooked Doyle's post-sentencing rehabilitation and erroneously found itself bound to reinstate the original sentence. The government then cross-appealed.

## II. Analysis

The government argues that because the district court found "no basis to conclude that [Doyle's] Counsel was ineffective," *id*. at 1, it lacked grounds for granting Doyle's motion to vacate. We agree.[1]

"In reviewing the denial [or grant] of a 28 U.S.C. § 2255 motion, we apply a de novo standard of review to the legal issues and uphold the factual findings of the district court unless they are clearly erroneous." *Hamblen v. United States*, 591 F.3d 471, 473 (6th Cir. 2009). Ineffective assistance of counsel claims are mixed questions of law and fact, which appellate courts review de novo. *Mapes v. Tate*, 388 F.3d 187, 190 (6th Cir. 2004).

"A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citing *United States v. Addonizio*, 442 U.S. 178, 185–86 (1979)). Ineffective assistance of counsel claims fall within the first of these three categories. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

To establish a claim of ineffective assistance of counsel, a defendant must prove that his counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), and that this performance prejudiced the defendant's case, *id*. at 694. "[A] lawyer who disregards specific

---

[1] Because our determination of the government's cross-appeal renders Doyle's own appeal moot, we do not reach the merits of his claim.

instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Where the defendant does not instruct counsel to file an appeal, however, the court must ask "whether counsel in fact consulted with the defendant about an appeal," which entails "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. at 478. If counsel consults with his client, he "performs in a professionally unreasonable manner *only* by failing to follow the defendant's express instructions with respect to an appeal." *Id*. (emphasis added).

The district court's key factual findings accord with Doyle's testimony from the evidentiary hearing; they are not clearly erroneous. Namely, the court determined that Doyle knew of his right to appeal, Doyle's counsel discussed with him at length the merits of an appeal, and Doyle did not instruct his counsel to file a notice of appeal. Our application of *Flores-Ortega* is thus clear: because counsel consulted with Doyle about an appeal and Doyle never instructed him to appeal, counsel's performance was not unreasonable. Doyle's ineffective assistance claim thus fails the *Strickland* test, and he cannot show the "error of constitutional magnitude" necessary for him to prevail on the motion to vacate. The district court had no basis upon which to set aside Doyle's sentence.

## III. Conclusion

We vacate the district court's order granting Doyle's § 2255 motion and reinstate his original sentence.