**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0292n.06

No. 10-2277

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DOUGLAS A. BENIT, | ) | **FILED**<br><br>**Mar 14, 2012**<br><br>LEONARD GREEN, Clerk |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| UNITED STATES OF AMERICA, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | OPINION |
| | ) | |

**BEFORE: COOK, WHITE, and DONALD, Circuit Judges.**

**PER CURIAM**. Douglas A. Benit appeals the district court's order denying his motion to vacate, set aside, or correct sentence, filed under 28 U.S.C. § 2255.

In 2008, pursuant to a plea agreement, Benit pleaded guilty of mail fraud, in violation of 18 U.S.C. § 1341, and bank fraud, in violation of 18 U.S.C. § 1344. The facts underlying his conviction, as relevant to this appeal, are as follows. From March 1999 to July 2003, Benit held an administrative position at Ecorse Public Schools ("EPS") in Ecorse, Michigan. During that time, he was also the CEO of Coral Technology, Inc. ("Coral"). In his position at EPS, Benit was responsible for administering a $45 million bond fund to build new schools and to improve technology in the schools. He also sought federal funding for the school system from the Universal Service Administration Corporation ("USAC") through a program known as "E-Rate," which provided funding to schools to improve internet connectivity. Benit used his position with EPS to

improperly direct certain funds from EPS and the E-Rate program to Coral. He did not disclose his interest in Coral to either EPS or USAC.

The district court determined that Benit's total offense level was 23, which included a sixteen-level increase under USSG § 2B1.1(b)(1) because the amount of loss to the victims was between $1 million and $2.5 million. Based on the total offense level of 23 and a criminal history category of I, the district court determined that Benit's guidelines range of imprisonment was 46 to 57 months on each count. It sentenced him to concurrent prison terms of 46 months. Benit did not appeal.

In 2009, Benit filed a § 2255 motion asserting that his counsel rendered ineffective assistance by giving him incorrect advice concerning the proper legal standard for determining restitution and for calculating the amount of loss for purposes of the sentencing guidelines. Benit also asserted that the district court erred in calculating the restitution amount and by imposing the sixteen-level increase under USSG § 2B1.1(b)(1). The district court denied the motion and granted a certificate of appealability on Benit's claim that his counsel rendered ineffective assistance. On appeal, Benit argues that the district court erred by denying his motion.

In reviewing the denial of a § 2255 motion, "we apply a de novo standard of review to the legal issues and uphold the factual findings of the district court unless they are clearly erroneous." *United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011). "To establish a claim of ineffective assistance of counsel, a defendant must prove that his counsel's performance fell below an objective standard of reasonableness and that this performance prejudiced the defendant's case." *Id.* (internal citations omitted). To show prejudice in the guilty-plea context, a defendant "must show that there

is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Benit first argues that his counsel improperly advised him concerning the method of calculating the amount of loss for purposes of USSG § 2B1.1(b)(1). He asserts that counsel failed to advise him that the amount of loss was not equal to Coral's gross profits and that any loss must be offset by the value of goods and services provided to the victims. He further asserts that the victims suffered no loss and that, had he been properly advised by counsel, he would not have accepted the plea agreement which included the sixteen-level increase.

The undisputed evidence set forth in the presentence report established that Coral retained over $850,000 in E-Rate funds under a subcontract to install fiber-optic cable at EPS, despite the fact that Coral performed no work on the contract. In addition, EPS paid Coral over $164,000 as a "matching amount" on the same contract. Those amounts, totaling over $1 million, constituted losses under § 2B1.1(b)(1). *See* USSG § 2B1.1(b)(1), cmt. n.3. Further, as described in detail in the presentence report, Benit improperly directed the expenditure of $700,000 of E-Rate funds to the purchase of two learning laboratories known as "Multicenters," resulting in a loss of at least $540,000 to USAC. Because the evidence supported the sixteen-level increase under § 2B1.1(b)(1) for causing a loss in excess of $1 million, Benit cannot establish that counsel gave him deficient advice concerning the calculation of loss or that rejecting the plea agreement was likely to result in a lesser sentence.

Benit also argues that counsel failed to properly advise him concerning the method of calculating the amount of loss for purposes of determining restitution. He asserts that counsel

erroneously advised him that restitution was based on Coral's gross profits rather than the actual loss to the victims. Benit cannot establish, however, that he agreed to the restitution amount believing that it was based on Coral's gross profits, because the stipulated restitution amount of approximately $1.3 million was considerably less than Coral's gross profits of over $2 million. Further, Benit cannot demonstrate that he was prejudiced by counsel's allegedly erroneous advice because the stipulated restitution amount was less than the victims' actual loss.

Accordingly, we affirm the district court's order denying Benit's § 2255 motion.