NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0383n.06

No. 10-5063

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 06, 2012*

LEONARD GREEN, Clerk

R. V. YOUNG,

    Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF
TENNESSEE

Before: MARTIN, SUTTON, and KETHLEDGE, Circuit Judges.

PER CURIAM. R. V. Young, a federal prisoner represented by counsel, appeals the denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. Young challenges the district court's rejection of his claim that his trial counsel was ineffective for failing to call certain witnesses. We affirm the district court's judgment.

In 2000, a jury convicted Young of five counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and five counts of using a firearm in the commission of the robberies in violation of 18 U.S.C. § 924(c). The district court sentenced Young to a total of 1107 months of imprisonment. We affirmed the district court's judgment on appeal. *United States v. Young*, 40 F. App'x 925 (6th Cir. 2002).

In 2003, Young filed his section 2255 motion and was appointed counsel by the district court. The district court dismissed most of Young's claims without an evidentiary hearing, but concluded that an evidentiary hearing was required to resolve two of Young's ineffective assistance of trial counsel claims. Specifically, the claims concerned Young's assertion that he was prejudiced by

counsel's failure to call Donald Richards as an alibi witness and for counsel's failure to call several of Young's friends and relatives regarding his appearance at the time of the crimes.

After the hearing, the district court denied the motion to vacate, concluding that trial counsel acted reasonably by not calling Richards and that Young was not prejudiced by trial counsel's failure to call the other witnesses. The district court granted Young a certificate of appealability and we appointed him counsel.

We review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011). To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Review of counsel's performance is highly deferential, and we "must indulge a strong presumption that counsel's conduct was reasonable and might be considered sound trial strategy." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (citation and internal quotation marks omitted). To demonstrate prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citation omitted).

Young first argues that his counsel rendered deficient performance by not calling Richards as an alibi witness. We agree with the district court that this decision constituted reasonable trial strategy. Joseph Edwards, lead trial counsel, testified that he visited Richards on two occasions, interviewed him, reviewed his business records, and issued him a subpoena to appear at trial. Despite Young's insistence, however, Edwards chose not to call Richards as a witness because Richards "could not say for sure" whether Young was on a delivery for him on the date in question and the records for that date did not have Young's name on them. Edwards testified that, based on these facts, he did not feel that Richards would be a good alibi witness. This was an informed strategic choice and did not fall outside the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Young also argues that trial counsel was ineffective for failing to call witnesses who would have testified that his physical appearance around the dates of the robberies differed from that of the perpetrator. These witnesses included Young's fiancée, Judy Radford, as well as his stepmother and stepson. The district court found that Edwards's failure to more thoroughly investigate these potential witnesses, a decision that Edwards attributed in part to Young's alleged admission of guilt, constituted deficient performance. The district court concluded, however, that Young could not establish prejudice because, as demonstrated at the evidentiary hearing, the testimony of these witnesses would not have been particularly convincing and would have opened the door to damaging testimony. The district court further noted that, although photographs of Young offered by Radford might have been of some benefit, they might also have highlighted certain similarities between Young's features and those described by some of the eyewitnesses.

Young offers no persuasive challenge to the district court's conclusion. In his reply brief, Young contends that calling these witnesses would not have resulted in the admission of testimony concerning his drug use and an alleged staged kidnaping because that would have been inadmissible character evidence. Arguments first raised in a reply brief are waived. *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010), *cert. denied*, 132 S. Ct. 498 (2011). In any event, this argument lacks merit because, as noted by the district court, testimony from these witnesses concerning their alleged familiarity with Young's habits would have opened the door to damaging rebuttal testimony. *See, e.g.*, *United States v. Chance*, 306 F.3d 356, 385 (6th Cir. 2002).

The district court's judgment is affirmed.