RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 12a0417p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

DERECK DAWSON,

        *Petitioner-Appellant,*

    *v.*

UNITED STATES OF AMERICA,

        *Respondent-Appellee.*

No. 11-5021

> Appeal from the United States District Court
> for the Western District of Tennessee at Memphis.
> Nos. 2:03-cr-20275-1; 2:09-CV-2240—Bernice Bouie Donald, District Judge.

Argued: October 3, 2012

Decided and Filed: December 21, 2012

Before: GUY, SILER, and COOK, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ARGUED:** Hyland Hunt, AKIN, GUMP, STRAUSS, HAUER & FELD, LLP, Dallas, Texas, for Appellant. Kevin G. Ritz, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellee. **ON BRIEF:** Hyland Hunt, AKIN, GUMP, STRAUSS, HAUER & FELD, LLP, Dallas, Texas, for Appellant. Kevin G. Ritz, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellee.

─────────────────

## OPINION

─────────────────

SILER, Circuit Judge. Dereck Dawson petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, from federal firearms convictions. The district court denied his application for the writ and we granted a certificate of appealability. Dawson argues that the district court violated his constitutional rights by improperly instructing the jury and admitting evidence of an assault that occurred in connection with the crimes charged. Further, Dawson alleges that he was deprived of the effective assistance of

1

counsel at trial and during appeal.  For the following reasons, we deny Dawson's petition.

## I.

In 2003, Dawson was involved in an altercation with his girlfriend Paula Smith and her son Victor Harris.  Trial testimony revealed that, during the altercation, Dawson hit Smith and pointed a gun at Harris, threatening to kill them both.  Police responded to the scene and saw Dawson discarding a firearm that turned out to be stolen.

Dawson was indicted on two federal firearms charges in connection with the incident.  The first was possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g), and the second was possession of a stolen firearm, in violation of 18 U.S.C. § 922(j).  Dawson moved to exclude any testimony regarding the altercation that occurred just before his arrest.  The trial court, finding the testimony necessary to paint a complete picture of the events at issue, granted the motion only to the extent of excluding references to the term "aggravated assault."  It instructed the jury that it could convict based on either actual or constructive possession of a firearm.  Dawson did not object to the jury instructions.  The jury found Dawson guilty as charged.

Dawson argued that he should not be sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he did not have the requisite three qualifying prior convictions.  Of significance here, Dawson argued that a 1993 conviction for attempted rape did not qualify as a violent felony and that two 1988 convictions for violent felonies should count as only one ACCA predicate because they were based on a single event.  The district court concluded that the 1993 attempted rape conviction counted as a violent offense and, therefore, it did not need to determine whether the crimes underlying the 1988 convictions were committed on separate occasions.  The 1993 attempted rape conviction, a 2001 conviction for aggravated burglary, and just one of the 1988 convictions satisfied the "three previous convictions" requirement of § 924(e).  The court sentenced Dawson to 262 months' imprisonment, the low end of the Guidelines range.

Dawson appealed his conviction and sentence, arguing that there was insufficient evidence to support his conviction for possession of a stolen firearm.  He also argued that his sentence was improper in light of *United States v. Booker,* 543 U.S. 220 (2005).  We affirmed Dawson's conviction but vacated and remanded for resentencing in light of *Booker.*   On remand, the district court sentenced Dawson to 180 months' imprisonment, the statutory minimum sentence required under the ACCA.

Later, Dawson filed his motion to vacate his sentence under 28 U.S.C. § 2255. He claimed error in the district court's admission of evidence regarding the assault on Smith and Harris and also in the court's instruction permitting the jury to convict on a theory of constructive possession.  He further claimed that his counsel was ineffective for failing to raise these claims.  The district court reached the merits of each of the claims presented, but denied Dawson's motion for relief.

## II.

In reviewing a denial of a motion under 28 U.S.C. § 2255, we review the district court's legal conclusions *de novo* and its factual findings for clear error.  *Hamblen v. United States,* 591 F.3d 471, 473 (6th Cir. 2009).  Claims of ineffective assistance of counsel present mixed questions of law and fact, which we review *de novo.  Mallett v. United States,* 334 F.3d 491, 497 (6th Cir. 2003).

### A.     Jury Instruction on Constructive Possession

Dawson argues that his trial attorney's performance was deficient as a result of his failure to object to the district court's jury instruction on constructive possession. The government did not request a constructive possession instruction and it did not present evidence to support a theory of constructive possession.  Nevertheless, the trial court instructed the jury that it could convict Dawson based on actual or constructive possession of the firearm at issue.  Upon its review of Dawson's habeas petition, the district court found that the constructive possession instruction constituted harmless error.

Relying upon *United States v. James,* 819 F.2d 674 (6th Cir. 1987), Dawson argues that the instruction constitutes reversible error. As stated in *James*, errors in jury instructions generally are harmless "unless it is more probable than not that the error materially affected the verdict." *Id.* at 676 (citing *United States v. Neuroth,* 809 F.2d 339, 342 (6th Cir. 1987)). However, *James* is distinguishable from the case at hand because in *James,* the circumstances revealed that the jury had likely relied on the constructive possession instruction to convict the defendant. Here, there is no indication that the jury relied on the constructive possession instruction in convicting Dawson.

This case is more analogous to *United States v. McCoy,* 767 F.2d 395 (6th Cir. 1985), where we found that a constructive possession instruction constituted harmless error. As in *McCoy,* the jury in Dawson's trial is unlikely to have been confused by the instruction. *See id.* at 398. The government presented evidence that Dawson was in actual possession of the firearm – namely, a police officer observed Dawson in possession of the firearm before Dawson discarded it underneath an air-conditioning unit. There was no testimony suggesting that Dawson constructively possessed the firearm. Viewing the record as a whole, it is clear that the jury found Dawson guilty based on a theory of actual possession. While the constructive possession instruction was error, it was harmless because, had it not been given, the jury undoubtedly would have convicted Dawson of actual possession. *See McCoy,* 767 F.2d at 397 (citing *United States v. Hasting,* 461 U.S. 499, 510-11 (1983)).

### B.    Testimony Regarding Assault

Dawson also contends that his appellate counsel rendered a deficient performance by failing to appeal the district court's admission of evidence regarding Dawson's attack upon his former girlfriend and her son. To establish ineffective assistance of counsel, however, Dawson must meet the familiar standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). Specifically, Dawson must establish not only that his attorney's performance was deficient, but also that he was prejudiced as a result of the deficient performance. *Id.* at 687. Because Dawson was not prejudiced by

his appellate attorney's failure to contest the admission of the assault-related testimony, he cannot establish that counsel's assistance was constitutionally ineffective.

"Under [Federal] Rule [of Evidence] 403, a district court is granted 'very broad discretion in determining whether the danger of undue prejudice outweighs the probative value of the evidence.'" *United States v. Fisher,* 648 F.3d 442, 449 (6th Cir. 2011) (quoting *United States v. Vance,* 871 F.2d 572, 576 (6th Cir. 1989)).  We review a district court's rulings under Rule 403 for abuse of discretion.  *See Nolan v. Memphis City Sch.,* 589 F.3d 257, 264 (6th Cir. 2009).  Evidence of uncharged misconduct may be admissible when it "arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *United States v. Hardy,* 228 F.3d 745, 748 (6th Cir. 2000).  Dawson has not presented any compelling support for the notion that the admission of the testimony was unduly prejudicial to him or that it was material to the outcome of his trial.  Excluding the testimony at issue, there was ample evidence from which a jury could have found Dawson guilty.  Further, this evidence was not the type that would "engender vindictive passions within the jury or . . . confuse the issues." *United States v. Green,* 548 F.2d 1261, 1268 (6th Cir. 1977).  Accordingly, the district court did not abuse its discretion in admitting the testimony and, as a result, no prejudice resulted from Dawson's appellate lawyer's failure to raise the issue on appeal.

### C.     Dawson's Attempted Rape Conviction Under the ACCA

Dawson also challenges his fifteen-year mandatory minimum sentence.  The ACCA imposes a fifteen-year mandatory minimum sentence when a defendant convicted under 18 U.S.C. § 922(g) has three or more prior convictions for "violent felonies" or "serious drug offenses."   18 U.S.C. § 922(e)(1).   Dawson concedes that his 2001 conviction for aggravated burglary qualifies as a violent felony but argues that his 1993 conviction for attempted rape does not.   Further, he contends that his two 1988 convictions cannot be counted separately, because the crimes involved were not committed on separate occasions, as required by 18 U.S.C. § 924(e)(1). The government contends that, because Dawson failed to raise these issues in his initial § 2255 petition,

he is foreclosed from raising them here. But because Dawson's initial petition was filed *pro se* and no further factual development is needed, we will consider the merits of this portion of Dawson's petition. Because we hold that Dawson's attempted rape conviction is categorically a violent felony, however, Dawson's arguments fail.

> The Tennessee rape statute under which Dawson was convicted reads as follows:
>
> (a) Rape is unlawful sexual penetration of a victim by the defendant or of the defendant by a victim accompanied by any of the following circumstances:
> (1) Force or coercion is used to accomplish the act;
> (2) The sexual penetration is accomplished without the consent of the victim and the defendant knows or has reason to know at the time of the penetration that the victim did not consent;
> (3) The defendant knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless; or
> (4) The sexual penetration is accomplished by fraud.

Tenn. Code Ann. § 39-13-503. Further, a criminal attempt requires not only that the defendant have the requisite culpability for the underlying offense, but also that a substantial step toward completion of the offense be committed. *See* Tenn. Code Ann. § 39-12-101. Based on his conviction for attempted rape, Dawson was sentenced to three years in jail.

A "violent felony" under the ACCA is an offense that is punishable by a term of imprisonment exceeding one year and either "has as an element the use, attempted use, or threatened use of physical force against the person of another," or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Dawson's attempted rape conviction was punishable by more than one year, thus satisfying the threshold requirement of the Act. Dawson argues that the crime, however, is not categorically violent for purposes of the Act, however, because rape can be achieved through fraud and does not necessarily involve the use of physical force against another person. Despite the fact that the crime can be achieved through fraud, the offense clearly falls within the ACCA's residual clause as a crime that presents a serious

potential risk of physical injury to another.  Accordingly, Dawson was not prejudiced by his appellate counsel's failure to challenge the ACCA sentence upon appeal.

An offense falls within the ACCA's residual clause if it poses a serious potential risk of injury to others and involves the same kind of purposeful, violent, and aggressive conduct as the enumerated offenses of burglary, arson, extortion, or criminal acts involving the use of explosives. *Begay v. United States,* 553 U.S. 137, 145 (2008).  In conducting this inquiry, we employ the "categorical approach," examining only "whether the elements of the offense are of the type that would justify its inclusion within the residual provision." *James v. United States,* 550 U.S. 192, 202 (2007).  Further, we consider the behavior underlying the offense as it is ordinarily committed, "not in terms of how an individual offender might have committed [the offense] on a particular occasion." *Begay,* 553 U.S. at 141.

Under the categorical approach to evaluating offenses under the ACCA's residual clause, Dawson's conviction for attempted rape qualifies as a violent felony under the Act.  Under Tennessee law, attempted rape requires that "the defendant acted with intent to rape and that his conduct constituted a substantial step toward the commission of a rape." *State v. Bowles,* 52 S.W.3d 69, 78 (Tenn. 2001).  In arguing that attempted rape is not categorically violent, Dawson relies on *United States v. Arnold,* 58 F.3d 1117 (6th Cir. 1995), where we held that assault with intent to commit sexual battery was not categorically violent for purposes of the ACCA.  Assault with the intent to commit sexual battery, however, involves intent to commit "unlawful sexual contact" as opposed to unlawful sexual penetration, as in attempted rape.  It bears noting that the crime at issue in *Arnold* was assault which, under Tennessee law, includes merely putting another person in fear of imminent bodily harm.  *See id.* at 1122 n.4.

Further, sexual battery poses less of a risk of physical injury than attempted rape. "Short of homicide, [rape] is the ultimate violation of self. . . . Rape is very often accompanied by physical injury . . . and can also inflict mental and psychological damage." *Coker v. Georgia,* 433 U.S. 584, 597–98 (1977) (internal quotation marks omitted).  The purposeful and aggressive nature of the crime, even when perpetrated by

fraud, creates an inherently high degree of risk of physical injury.  *See Sykes v. United States,* 131 S. Ct. 2267, 2276 (2011).  Thus, attempted rape falls squarely within the class of crimes that present a serious risk of physical injury to another, as contemplated by the ACCA.  *See id.*; *see also United States v. Terrell,* 593 F.3d 1084,1090 (9th Cir. 2010) ("[E]ven in those cases where the rape is achieved by trickery or deception, that fact does not erase the ever-present possibility that the victim may figure out what's really going on and decide to resist, in turn requiring the perpetrator to resort to actual physical restraint that could then easily escalate into a violent confrontation." (internal quotation marks omitted)); *United States v. Rooks,* 556 F.3d 1145, 1150-51 (10th Cir. 2009).

Dawson's 1993 attempted rape conviction, his 2001 aggravated burglary conviction, and either of his 1988 convictions constitute three previous crimes of violence for purposes of the ACCA.  Accordingly, we need not consider whether Dawson's two 1988 convictions arose from acts committed on separate occasions.

AFFIRMED.