**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  15a0045n.06

No. 14-3161

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 14, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| AUGUSTIN GALVIN-GARCIA, JR., | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| UNITED STATES OF AMERICA, | ) | OHIO |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE:  BATCHELDER, SUTTON, and COOK, Circuit Judges.

PER CURIAM.   Augustin Galvin-Garcia, Jr., appeals the district court's judgment denying his motion to vacate, set aside, or correct his sentence, filed under 28 U.S.C. § 2255.

Galvin-Garcia pleaded guilty to being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5).  The district court sentenced him to 110 months in prison. Galvin-Garcia filed a § 2255 motion, raising several claims, including that his trial counsel rendered ineffective assistance by failing to file a notice of appeal upon his request and by failing to consult with him about an appeal.  The district court scheduled an evidentiary hearing for the ineffective-assistance claim and dismissed the remaining claims.  Following the evidentiary hearing, the district court denied Galvin-Garcia relief on the ineffective-assistance claim but granted him a certificate of appealability.

On appeal, Galvin-Garcia argues that the district court erred by denying him relief on the ineffective-assistance claim because the evidence showed that his trial counsel failed to properly

consult with him about an appeal. When reviewing the denial of a § 2255 motion, we review the district court's legal conclusions de novo and its factual findings for clear error. *Dawson v. United States*, 702 F.3d 347, 349 (6th Cir. 2012). To prevail on an ineffective-assistance claim, a defendant must show that his counsel performed deficiently and that he suffered prejudice as a result. *United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011). Where a defendant does not instruct counsel to file an appeal, we must ask whether counsel consulted with the defendant about an appeal, which requires advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes. *Id.* at 817-18.

The district court did not err in denying Galvin-Garcia's § 2255 motion because the court's factual findings, which are not clearly erroneous, show that counsel adequately consulted with Galvin-Garcia about an appeal. Several days before the sentencing hearing, counsel had a discussion with Galvin-Garcia about his appellate rights and whether there were any viable issues for appeal. At the conclusion of the hearing, counsel advised Galvin-Garcia that he should not appeal, and Galvin-Garcia told the court that he would "think it over." After the sentencing hearing, counsel explained Galvin-Garcia's appellate rights to his authorized representative on several occasions, and counsel told the representative to contact him if Galvin-Garcia wanted to appeal. Counsel also sent Galvin-Garcia a letter offering to do anything that was necessary for his case. Because counsel adequately consulted with Galvin-Garcia about an appeal, Galvin-Garcia has not shown that counsel performed deficiently.

Accordingly, we affirm the district court's judgment.