NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0160n.06

No. 14-3285

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| | ) | **FILED** |
| UNITED STATES OF AMERICA, | ) | Mar 02, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| AMIRE T. SMITH, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GRIFFIN and STRANCH, Circuit Judges; STEEH, District Judge.[*]

PER CURIAM. Amire T. Smith appeals the district court's judgment of conviction and sentence.

Smith pleaded guilty to possessing with intent to distribute more than 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Because Smith's drug offense involved more than 28 grams of cocaine base, he was subject to a 60-month statutory minimum prison term under 21 U.S.C. § 841(b)(1)(B)(iii). The district court sentenced Smith to consecutive 60-month prison terms.

On appeal, Smith argues that his trial counsel rendered ineffective assistance by failing to argue that the government selectively prosecuted him on account of his race by charging him with a drug crime that carried a statutory minimum sentence. Smith contends that the charge

---

[*]The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

was improper based on a memorandum issued by the Attorney General that directed federal prosecutors to refrain from charging the drug quantity necessary to trigger a mandatory minimum sentence where a defendant meets each of several specific criteria, including that the defendant's relevant conduct does not involve the possession of a weapon and the defendant does not have a significant criminal history.

Although we generally will not review an ineffective-assistance claim on direct appeal, we choose to do so here because the parties have adequately developed the record relevant to Smith's claim. *See United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). To prevail on his ineffective-assistance claim, Smith must show that his counsel performed deficiently and that he suffered prejudice as a result. *See Dawson v. United States*, 702 F.3d 347, 350 (6th Cir. 2012). To demonstrate selective prosecution based on race, a defendant must show that prosecutorial policy was motivated by a discriminatory purpose and that similarly situated individuals of another race were treated differently. *United States v. Armstrong*, 517 U.S. 456, 465 (1996); *United States v. Lawrence*, 735 F.3d 385, 439 (6th Cir. 2013), *cert. denied*, 135 S. Ct. 753 (2014).

Smith's counsel did not perform deficiently by failing to argue that Smith was selectively prosecuted because the argument is meritless. Smith has presented no evidence showing that the prosecutor's charging decision was motivated by a discriminatory purpose or that similarly situated defendants of another race were treated differently. In addition, given Smith's significant criminal history and the fact that his crimes involved a firearm, he did not satisfy each of the criteria that were identified by the Attorney General as a basis for declining to charge an offense with a mandatory minimum sentence.

Accordingly, we affirm the district court's judgment.