NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0561n.06

No. 14-3900

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Aug 10, 2015 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| JORGE SANTOS, aka Jorge J. Santos, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BOGGS and DONALD, Circuit Judges; QUIST, District Judge.*

PER CURIAM. Jorge Santos, a federal prisoner, appeals his conviction and sentence. Santos entered a guilty plea to charges of conspiring to possess with intent to distribute more than five kilograms of cocaine and possessing a firearm in furtherance of a drug-trafficking crime. He was sentenced to the mandatory minimum of 120 months of imprisonment for the drug conviction and a mandatory consecutive 60 months of imprisonment for the firearm charge.

The parties had engaged in plea negotiations, during which the government offered to dismiss the firearm charge, which would have lowered the total sentence by five years, and to move for a downward departure on the drug charge if Santos made a proffer of information about others involved in the crime. Santos was not willing to implicate family members and therefore rejected the government's offer. Due to his minimal criminal history, the guidelines sentencing

---

*The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

range would have been 70 to 87 months of imprisonment if the mandatory minimum sentences did not apply.

Santos argues on appeal that his counsel was ineffective in failing to argue that the government violated his equal-protection and due-process rights in charging him with offenses that carried mandatory minimum sentences. Ordinarily, a claim of ineffective assistance of counsel cannot be raised on direct appeal because the record is insufficient to review the claim. *United States v. Ferguson*, 669 F.3d 756, 762-63 (6th Cir. 2012). But the record here shows that trial counsel was not ineffective. As discussed below, neither the equal-protection nor the due-process claim would have succeeded. Counsel cannot be deficient for failing to take a position that has no chance of success, and no prejudice can result. *United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004) (citing the test for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 688, 694 (1984).)

To raise an equal-protection claim of discriminatory prosecution, Santos must identify similarly situated defendants of different ethnic groups who were not charged with offenses triggering mandatory minimum sentences. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996). Santos makes no such showing. Instead, he states that he is a member of a minority group based on his Hispanic origin and points to the deleterious effects of mandatory minimum sentences on minority defendants. Statistical data cannot establish selective prosecution without any evidence that decision-makers prosecuted Santos with a discriminatory purpose and effect. *See United States v. Lawrence*, 735 F.3d 385, 439 (6th Cir. 2013).

Santos also points to an August 12, 2013, memorandum of policy of the Department of Justice that directs federal prosecutors not to charge drug quantities that trigger mandatory minimums in certain cases. 26 Fed. Sent'g Rep. 80, 81 (Dec. 2013).

His reliance on the policy memorandum is misplaced for two reasons. First, the memo does not confer any rights on defendants. *United States v. Nagy*, 760 F.3d 485, 490 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1009 (2015). Second, the policy on its face does not apply to Santos because he possessed firearms in furtherance of his drug-trafficking crime. Because Santos has not presented any evidence of a discriminatory prosecution and did not satisfy the criteria to fit within the policy of the Department of Justice, he cannot demonstrate that his counsel was ineffective in failing to make this argument and raise an equal-protection challenge to his sentence. *See United States v. Smith*, 596 F. App'x 482, 483 (6th Cir. 2015) (per curiam).

With respect to Santos's due-process challenge that he was unconstitutionally "punished" by charges carrying mandatory minimum sentences, prosecutorial discretion in deciding what charges to file in any given case cannot ordinarily be challenged. *See United States v. Marshall*, 736 F.3d 492, 501 (6th Cir. 2013). Unless there is "clear evidence to the contrary," it is presumed that prosecutors discharge their duties properly. *See Armstrong*, 517 U.S. at 464-65. There is no evidence to the contrary in this case[1] and no dispute that, when presented with two permissible options, Santos freely chose to plead guilty and go to prison for at least 15 years in lieu of proffering information.

Accordingly, we affirm the district court's judgment.

---

[1]Even if the prosecutor was influenced by the penalties available upon conviction, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by the statute," there is no abuse of discretion and no due-process violation. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also United States v. Batchelder*, 442 U.S. 114, 125 (1979).