**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0478n.06

Case No. 14-5368

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| DANIEL CARR, | ) | **FILED**<br>Aug 16, 2016<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Petitioner-Appellant, | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE MIDDLE DISTRICT OF |
| UNITED STATES OF AMERICA, | ) | TENNESSEE |
|  | ) |  |
| Respondent-Appellee. | ) |  |
|  | ) |  |
|  | ) |  |

BEFORE: STRANCH, DONALD, and LIPEZ, Circuit Judges.[*]

**BERNICE BOUIE DONALD, Circuit Judge**. At its core, this case presents the question of whether the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901 *et seq*, required Daniel Carr ("Carr") to register with authorities in Tennessee when he moved from Tennessee to Mexico. Pursuant to the Supreme Court's recent decision in *Nichols v. United States*, 136 S. Ct. 1113 (2016), we conclude that it does not. We therefore **REVERSE** the district court's denial of Carr's 28 U.S.C. § 2255 motion and **REMAND** with instructions to vacate his conviction. We also treat Carr's request for release from civil commitment as a

---

[*]The Honorable Kermit V. Lipez, Circuit Judge for the United States Court of Appeals for the First Circuit, sitting by designation.

habeas corpus petition and **REMAND** to the district court with instructions to transfer it to the United States District Court for the Eastern District of North Carolina.

## I.

A. Factual and Procedural Background

On October 13, 1999, Carr was convicted of aggravated sexual battery in Tennessee. He received an eight year prison sentence, and was released under lifetime supervision in September 2006. On November 28, 2007, Carr was convicted of sexual battery and violating his supervision terms. While still imprisoned, Carr signed a Tennessee Bureau of Investigation Sexual Offender/Violent Sexual Offender Instructions form. By signing, Carr indicated that he understood Tennessee's sex-offender registration requirements. One requirement was that he register in person with a designated law enforcement agency within forty-eight hours of establishing or changing a primary or secondary residence. After his release on March 27, 2009, Carr did not report to his probation officer. After deciding to relocate to Mexico, Carr took a bus from Nashville to Mexico on May 30, 2009.

On April 21, 2009, Tennessee issued an arrest warrant alleging that he failed to comply with the state's sex offender registration requirements. Mexican authorities arrested Carr on June 9, 2009, and expelled him from the country. The federal government indicted him in the United States District Court for the Middle District of Tennessee for "knowingly fail[ing] to register and update his registration in Tennessee as required, and [] travel[ing] in interstate commerce from Tennessee to Mexico" in violation of 18 U.S.C § 2250. Appellee Br. 6.

On November 24, 2010, Carr entered a conditional guilty plea to the indictment and reserved only the right to appeal the district court's refusal to dismiss the indictment. He received a forty-one month prison sentence with credit for time served. Carr's projected release

date from the Federal Bureau of Prisons was June 1, 2012. However, the federal government filed a petition to civilly commit Carr under the Adam Walsh Act, 18 U.S.C. § 4248(a) in the United States District Court for the Eastern District of North Carolina. The petition was before the district court in North Carolina because Carr was imprisoned in North Carolina.

On September 23, 2013, Carr filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 and requested to be released from civil commitment. Carr alleged that his counsel was ineffective for failing to argue that he was not subject to SORNA's requirements. The district court denied Carr's motion. It held that SORNA imposed a duty to update his registration in Tennessee prior to his departure to Mexico, and that his counsel's failure to argue otherwise did not cause prejudice because it would have rejected the argument. Carr filed a pro-se notice of appeal after the district court denied his motion to reconsider. Judge Merritt issued a certificate of appealability ("COA") on the following issues: (1) whether Carr was required to register or update his registration under SORNA upon changing his residence to Mexico, and (2) whether Carr's counsel rendered ineffective assistance by failing to raise this argument. Judge Merritt also appointed counsel for Carr. At the parties' behest, we ultimately held this case in abeyance pending a decision in *Nichols*.

B. Applicable Law

We include SORNA's statutory provisions here as they are highly relevant.

18 U.S.C. § 2250. Failure to register

(a) In General.—Whoever—

(1) is required to register under the Sex Offender Registration and Notification Act;
(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

42 U.S.C. § 16911.  Relevant definitions, including Amie Zyla expansion of sex offender definition and expanded inclusion of child predators

…

(10) Jurisdiction.

The term "jurisdiction" means any of the following:

(A) A State.
(B) The District of Columbia.
(C) The Commonwealth of Puerto Rico.
(D) Guam.
(E) American Samoa.
(F) The Northern Mariana Islands.
(G) The United States Virgin Islands.
(H) To the extent provided and subject to the requirements of section 16927 of this title, a federally recognized Indian tribe.

…

(13) Resides

The term "resides" means, with respect to an individual, the location of the individual's home or other place where the individual habitually lives.

42  U.S.C. § 16913.  Registry requirements for sex offenders

(a) In general

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

(b) Initial registration

The sex offender shall initially register—

    (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

    (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

(c) Keeping the registration current

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

## III.

Both parties agree that this Court has jurisdiction.  The district court had jurisdiction under 28 U.S.C. § 2255.  This Court has jurisdiction under 28 U.S.C. §1291.

## IV.

In reviewing the denial of a 28 U.S.C. § 2255 motion, we evaluate the district court's legal conclusions *de novo* and factual findings for clear error.  *Dawson v. United States*, 702 F.3d 347, 349 (6th Cir. 2012).  We agree with the parties that *Nichols* applies retroactively on collateral review because it announced a substantive new rule under the *Teague* framework.  *See Welch v. United States*, 136 S. Ct. 1257, 1264 (2015); *Teague v. Lane*, 489 U.S. 288 (1989).  The fact that *Nichols* did not cite a single Supreme Court case interpreting SORNA or its predecessor statute demonstrates that *Nichols* was not compelled by existing precedent, and should therefore be considered "new."  *See Welch*, 136 S. Ct. at 1264.  Moreover, *Nichols* announced a

substantive rule that "alters the range of conduct or the class of persons that the law punishes." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004).

In *Nichols*, the defendant, a sex-offender required to register under SORNA, moved from Kansas to the Philippines without notifying Kansas authorities. *Nichols*, 136 S. Ct. at 1115. The defendant conditionally pled guilty to violating SORNA. *Id.* at 1117. The Supreme Court noted that 42 U.S.C. § 16911(10) does not require a sex-offender to register in a foreign country. *Id.* at 1117. Moreover, the Supreme Court found that 42 U.S.C. § 16913 does not require sex offenders to update their registration in the jurisdictions they have left when they relocated to another jurisdiction. *Id.* We agree with both parties that SORNA did not criminalize Carr's failure to register with Tennessee authorities once he moved to Mexico. *Id.* Consequently, his guilty plea could not have been knowingly and intelligently made. *See Waucaush v. United States*, 380 F.3d 251, 257 (6th Cir. 2004) ("This type of misunderstanding—a misconception about the statute's legal scope that results in the defendant pleading guilty to conduct which was not a crime—typifies an unintelligent guilty plea."). A guilty plea that is not knowing and intelligent contravenes due process. *Brady v. United States*, 397 U.S. 742, 748 (1970). Therefore, Carr's conviction was contrary to the Constitution, and we must set it aside. 28 U.S.C. § 2255.

Furthermore, we agree with the parties that Carr's request for release from civil commitment should be treated as a habeas petition under 28 U.S.C. § 2241 and transferred to the United States District Court for the Eastern District of North Carolina.

## V.

In conclusion, we **REVERSE** the district court's denial of Carr's 28 U.S.C. § 2255 motion and **REMAND** with instructions to set aside Carr's conviction. We also construe his

request for release from civil commitment as a habeas corpus petition under 28 U.S.C. § 2241 and **REMAND** with instructions transfer it to the United States District Court for the Eastern District of North Carolina.