953 F.2d 1385
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald David ROGERS, Defendant-Appellant.
 No. 91-5695.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald David Rogers, a federal prisoner, appeals a sentence imposed by the district court following his conviction on drug-related charges. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.F.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 2
 In February 1991, Rogers pled guilty pursuant to a Rule 11 plea agreement to one count of conspiracy to possess marijuana with the intent to distribute in violation of 21 U.S.C. § 846 He was sentenced to seventy-eight months imprisonment. Rogers has filed a timely appeal. He asserts: (1) that the Federal Sentencing Guidelines constitute unconstitutional legislation promulgated in violation of the Presentment Clause; and (2) that the district court improperly added two levels to his base offense level for a leadership role in the offense under U.S.S.G. § 3B1.1 and denied him a two level decrease in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1, both in retaliation for his challenge to the information in the presentence investigation report.
 
 
 3
 Upon review, we conclude that Rogers's assertions of error are meritless.
 
 
 4
 Initially, we note that Rogers did not raise the Presentation Clause issue in the district court. Hence, the court need not address the issue as it was not first presented to the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). We agree with those courts which have held that the guidelines were not promulgated in violation of the Presentment Clause of the Federal Constitution. See United States v. Macias, 930 F.2d 567, 571-72 (7th Cir.1991); United States v. Reed, 914 F.2d 1288, 1289 (9th Cir.1990); United States v. Zapata-Alvarez, 911 F.2d 1025, 1027 (5th Cir.1990); United States v. Burton, 898 F.2d 595, 598 (8th Cir.1990).
 
 
 5
 Rogers's assertion that the district court retaliated for his challenge to inaccurate information in the presentence report is meritless. First, the district court's decision to increase Rogers's base offense level by two levels for a leadership role in the offense pursuant to U.S.S.G. § 3B1.1 is not clearly erroneous. See United States v. Robison, 904 F.2d 365, 370 (6th Cir.), cert. denied, 111 S.Ct. 360 (1990). The government satisfied its burden of establishing facts leading to the enhancement pursuant by a preponderance of the evidence. See United States v. Gonzales, 929 F.2d 213, 217 (6th Cir.1991). The district court's denial of the reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 is not clearly erroneous, see United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989), because Rogers failed to satisfy his burden of establishing facts to support the reduction by a preponderance of the evidence. United States v. Rodriguez, 896 F.2d 1031, 1033 (6th Cir.1990). There is nothing in the record to suggest that the reduction for acceptance of responsibility was denied in retaliation for Rogers's objections to the recommendations in the presentence report. Here, Rogers was given the opportunity to testify at sentencing and his own statements support the denial of the reduction.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.