50 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip R. PUMMELL, Defendant-Appellant.
 No. 94-3511.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1995.
 
 Before BROWN, NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Phillip R. Pummell appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In August 1993, Pummell pleaded guilty to attempting to damage and destroy property by means of an explosive, in violation of 18 U.S.C. Sec. 844(i). The court sentenced him to twenty-four months of imprisonment, three years of supervised release, and imposed a $1000 fine and a $50 special assessment.
 
 
 3
 On appeal, Pummell argues that: 1) the sentencing guidelines constitute a bill of attainder; 2) the sentence imposed constitutes cruel and unusual punishment in violation of the Eighth Amendment; 3) the sentencing guidelines violate the Presentment Clause of the Constitution; and 4) the district court erred in sentencing him by overlooking his numerous objections to the presentence investigation report, attempting to send an improper message to minorities due to the nature of his offense, determining that he is a violent offender, and because he was only convicted of an attempt. He also argues that he was denied equal protection under the Armed Career Criminal Act.
 
 
 4
 Upon review, we affirm the judgment of conviction and sentence. Pummell's argument that the sentencing guidelines constitute a bill of attainder is without merit as the guidelines do not legislatively determine guilt, nor do they permit the imposition of punishment without the protection of a trial. See Selective Serv. Sys. v. Minnesota Pub. Interest Research Group, 468 U.S. 841, 846-47 (1984); see also United States v. Bennett, 928 F.2d 1548, 1557-58 (11th Cir.1991). In addition, the sentencing guidelines do not unconstitutionally divest trial courts of their sentencing discretion. See Mistretta v. United States, 488 U.S. 361, 367-68 (1989). Moreover, the sentencing guidelines do not violate the Presentment Clause of the Constitution because the President has signed the enabling legislation for the guidelines. See United States v. Barnerd, 887 F.2d 841, 842 (8th Cir.1989) (per curiam); but see United States v. Scampini, 911 F.2d 350, 352-53 (9th Cir.1990) (the President's signature on the enabling legislation is not dispositive of this issue, upholding constitutionality of guidelines on other grounds). Pummell's sentence of twenty-four months of imprisonment does not constitute cruel and unusual punishment as it is not grossly disproportionate to his crime. See United States v. Warren, 973 F.2d 1304, 1311 (6th Cir.1992). Finally, the district court properly sentenced Pummell to twenty-four months of imprisonment as he was not entitled to a downward departure, see United States v. Pickett, 941 F.2d 411, 417 (6th Cir.1991); United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990), and the district court properly overruled his objections to the presentence investigation report. Moreover, the sentencing guidelines clearly envision imprisonment as a form of punishment for a defendant convicted of an attempt. See USSG Sec. 2X1.1; United States v. Holmes, 975 F.2d 275, 283 (6th Cir.1992), cert. denied, 113 S.Ct. 1322 (1993). Therefore, Pummell's equal protection argument fails.
 
 
 5
 Accordingly, we affirm the district court's judgment of conviction and sentence.