NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1048n.06

No. 11-3768

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Oct 02, 2012*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | )  ON APPEAL FROM THE |
| | )  UNITED STATES DISTRICT |
| v. | )  COURT FOR THE NORTHERN |
| | )  DISTRICT OF OHIO |
| ADOLFO PINTO SANDOVAL, aka Jorge | ) |
| Molano, aka Angel LNU, aka Antonio LNU, | ) |
| | ) |
| Defendant-Appellant. | ) |

BEFORE:  SUTTON, GRIFFIN, and WHITE, Circuit Judges.

PER CURIAM.  Adolfo Pinto Sandoval challenges the substantive reasonableness of his sentence for conspiracy to possess with intent to distribute heroin and for illegal reentry.  For the reasons set forth below, we affirm Sandoval's sentence.

Sandoval was charged in a multi-count, multi-defendant indictment alleging various drug, immigration, and firearm offenses.  Pursuant to a written plea agreement, Sandoval pleaded guilty of conspiracy to possess with intent to distribute three kilograms or more of heroin in violation of 21 U.S.C. § 846, and illegal reentry of a removed alien in violation of 8 U.S.C. § 1326.  In the plea agreement, the parties stipulated that the drug quantity involved in the conspiracy was at least three but less than ten kilograms of heroin, corresponding to a base offense level of 34 pursuant to the United States Sentencing Guidelines ("USSG").  USSG § 2D1.1(c)(3).  The plea agreement further

provided that Sandoval's offense level could be reduced by up to a total of six levels: one level for substantial assistance pursuant to USSG § 5K1.1, three levels for acceptance of responsibility pursuant to USSG § 3E1.1, and two levels for minor role pursuant to USSG § 3B1.2(b). Application of these reductions would result in an offense level of 28.

Sandoval's presentence report, however, set forth a different base offense level than the one to which the parties stipulated. The probation officer determined pursuant to USSG § 2D1.1(a)(5) that Sandoval's correct base offense level was 31: 34, the offense level specified in the drug quantity table, less 3 levels because he received a mitigating role adjustment under USSG § 3B1.2. At sentencing, the government asked the court to apply the guidelines range agreed upon in the plea agreement using the stipulated base offense level of 34, and requested a sentence of ninety-seven months of imprisonment, the low end of that guidelines range. However, the district court adopted the base offense level of 31 set forth in the presentence report, while advising the parties it would consider varying.

The district court granted the government's motion for a one-level reduction for substantial assistance pursuant to USSG § 5K1.1, noting that the government's motion allowed Sandoval to avoid the ten-year mandatory minimum applicable under 21 U.S.C. § 841(b)(1)(A). That one-level reduction for substantial assistance, along with a three-level reduction for acceptance of responsibility and a two-level reduction for minor role, resulted in a total offense level of 25, which, when combined with a criminal history category of III, resulted in an advisory guidelines range of seventy to eighty-seven months of imprisonment. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court determined that a lengthy sentence was necessary and decided

to vary upward from the advisory guidelines range based on the seriousness of Sandoval's heroin-trafficking offense as well as his illegal reentry after having been removed on two prior occasions. The district court sentenced Sandoval to concurrent terms of ninety-seven months of imprisonment for the heroin conspiracy and twenty-four months of imprisonment for the illegal reentry, the statutory maximum for that count. *See* 8 U.S.C. § 1326(a).

On appeal, Sandoval concedes that the district court properly calculated the guidelines range and that his sentence is procedurally reasonable; he instead challenges his sentence as substantively unreasonable. We review the substantive reasonableness of a sentence under an abuse-of-discretion standard, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). We must give "due deference" to the district court's decision that the § 3553(a) factors justify an upward variance. *Gall*, 552 U.S. at 51.

Sandoval contends that his sentence is substantively unreasonable because the factors used by the district court to justify the upward variance were already taken into account by the sentencing guidelines. We have rejected the argument that a sentence is substantively unreasonable because the § 3553(a) factors on which the district court relied to sentence the defendant outside the advisory guidelines range were also reflected in the guidelines calculation. *See Tristan-Madrigal*, 601 F.3d at 636 n.1 ("This would preclude the district court from being able to comply with § 3553(a)'s mandate and would have the practical effect of making the Guidelines again mandatory, which is

plainly not the law."). The district court therefore did not abuse its discretion by considering the drug type (heroin) and quantity (three or more kilograms) in analyzing the § 3553(a) factors, including the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, and protect the public.

According to Sandoval, a district court abuses its discretion by sentencing a defendant above the guidelines range solely because a local area has seen an increase in a particular kind of drug because "[t]his would inevitably result in a national sentencing disparity between defendants with similar criminal conduct." But the district court did not vary upward *solely* because of an increase in heroin use in the Cleveland area. In its assessment of the § 3553(a) factors, the district court noted that "heroin addiction is becoming rampant in our cities in the Cleveland, Ohio area," leading to deaths and collateral criminal activity, and that Sandoval's specific conduct in transporting large amounts of heroin to the area contributed to the addiction problem. There was no abuse of discretion in the district court's consideration of the specific nature and circumstances of Sandoval's offense and its seriousness. *See United States v. Johnson*, 457 F. App'x 512, 521 (6th Cir. 2012) (holding that "the district court did not abuse its discretion in emphasizing what it believed to be dangerous effects of heroin").

Sandoval also argues that the district court improperly considered his repeated illegal reentries in varying upward on the heroin-conspiracy sentence where that conduct had already been taken into account when the district court varied upward on the illegal-reentry sentence. The heroin conspiracy count and the illegal reentry count were grouped together for sentencing purposes, with the offense level for the heroin conspiracy count, as the higher offense level, serving as the offense

level applicable for the group. *See* USSG §§ 3D1.2(a), 3D1.3(a). Contrary to Sandoval's argument, the district court did not conduct a separate sentencing analysis for each count.

Finally, Sandoval contends that the guidelines miscalculation in the plea agreement was insufficient to justify an upward variance. But the district court did not base the variance on the higher plea-agreement sentence. Rather, the court concluded that the § 3553(a) factors in this case warranted a sentence above the guidelines range and observed that the sentence originally contemplated by the parties was more appropriate in light of the sentencing factors.

Sandoval has failed to demonstrate that the district court abused its discretion in imposing a ten-month upward variance. Accordingly, we AFFIRM Sandoval's ninety-seven-month sentence as substantively reasonable.