NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0435n.06

No. 13-6048

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 16, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| MAURICE MAXWELL, | ) TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: BOGGS, COLE, and McKEAGUE, Circuit Judges.

PER CURIAM. Maurice Maxwell appeals his judgment of conviction following his guilty plea to child sex trafficking. We affirm.

Pursuant to a written plea agreement, Maxwell pleaded guilty to an information charging him with child sex trafficking, in violation of 18 U.S.C. § 1591(a)(1) and (2). Before his sentencing, Maxwell moved to set aside his guilty plea. The district court denied the motion following an evidentiary hearing and later sentenced Maxwell to 216 months of imprisonment.

In this timely appeal, Maxwell contends: (1) that § 1591(c) is unconstitutionally vague; (2) that the sentencing guidelines violate the Presentment Clause; (3) that the district court should have ordered sua sponte a mental-competency evaluation before accepting his guilty plea; and (4) that the district court erred in denying his motion to set aside his guilty plea based on ineffective assistance of counsel. The government asserts that Maxwell, by way of his unconditional guilty plea and the plea agreement's appellate-waiver provision, waived these

claims with the exception of his ineffective-assistance claim. "A guilty plea can be involuntary as a result of the ineffective assistance of counsel." *United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005). Likewise, "a waiver of appeal rights can be challenged on various—albeit narrow—grounds, including that it . . . was the product of ineffective assistance of counsel." *Campbell v. United States*, 686 F.3d 353, 358 (6th Cir. 2012) (internal quotation marks omitted). Accordingly, we must first address Maxwell's claim that his guilty plea resulted from ineffective assistance of counsel before we turn to the waiver issue.

While we ordinarily do not review ineffective-assistance claims on direct appeal, the government agrees that the record is sufficiently developed to allow review of Maxwell's claim that counsel provided ineffective assistance with respect to the plea proceedings, and we believe that there is no need for further factual findings. *See United States v. Wynn*, 663 F.3d 847, 850–51 (6th Cir. 2011). Ineffective-assistance claims are mixed questions of law and fact, which we review de novo. *United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011). We uphold the district court's factual findings unless they are clearly erroneous. *Id*. "Findings of fact based on determinations of credibility are entitled to even greater deference 'for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.'" *United States v. Carmack,* 426 F. App'x 378, 380 (6th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985)).

A defendant claiming ineffective assistance of counsel must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. To demonstrate "prejudice in the guilty-plea context, a defendant

must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Wynn*, 663 F.3d at 851 (internal quotation marks omitted).

On appeal, Maxwell contends that Doris Randle-Holt, his former counsel, showed undue haste in disposing of his case even before she had filed a written discovery request. During the hearing on Maxwell's motion to set aside his guilty plea, Randle-Holt, whose testimony was found credible, acknowledged that the case was "moving kind of fast" and testified that, for this reason, she requested and obtained additional time to review the plea agreement with Maxwell and discuss his sentence exposure. According to Randle-Holt, even after she took additional time to ensure that Maxwell understood his rights, he chose to proceed with the guilty plea. As for discovery, Randle-Holt testified that the government allowed her to interview the victim at length and provided her with Maxwell's confession and other witness statements. The record reflects that the decision to enter a guilty plea at such an early point in the case was a reasonable tactical decision in light of the evidence against Maxwell and the opportunity to minimize his sentence exposure by cooperating with the government.

Maxwell also argues that he always thought that he was pleading guilty to a complaint charging him with lying to a federal agent rather than an information charging him with child sex trafficking, a charge carrying significant sentencing exposure. In denying Maxwell's motion to set aside his guilty plea, the district court found not credible Maxwell's claims that he believed that he was pleading guilty to a charge of making a false statement to a federal agent and that he learned of the actual charge to which he pleaded guilty and the potential sentence only after he received the presentence report. Randle-Holt testified that she reviewed the government's evidence, the plea agreement, and the sentencing guidelines calculation with Maxwell more than

once before the plea hearing. During the plea colloquy, Maxwell indicated that he had reviewed the information with Randle-Holt; that she had explained the facts underlying the information, the applicable law, and his options as to pleading guilty or proceeding to trial; and that he was satisfied with her representation. Also during the plea hearing, the prosecutor, at the district court's request, reviewed the information and the evidence that the government would have presented at trial. Maxwell indicated in response to the district court's questions that he understood the charge against him, that the government's summary of the facts was substantially true and correct, and that he in fact did "knowingly recruit, entice, harbor, transport, provide and obtain by means A.B., a minor, and did . . . benefit financially by [his] involvement and encourage and entice the minor to participate in commercial sex acts while knowing that the minor was under the age of 18." As the district court properly held, Maxwell failed to present any credible evidence that he was unaware that he was pleading guilty to child sex trafficking.

Finally, Maxwell asserts that he would not have pleaded guilty if Randle-Holt had advised him of the defense that § 1591(c) is unconstitutionally vague. Section 1591(c) provides: "In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove that the defendant knew that the person had not attained the age of 18 years." 18 U.S.C. § 1591(c). Maxwell admitted that he knew that the victim was under the age of 18 years. Because § 1591(c) did not apply to Maxwell's case, Randle-Holt was not ineffective for failing to challenge its constitutionality.

Maxwell has failed to demonstrate that his guilty plea was the product of ineffective assistance of counsel. We now turn to whether Maxwell waived his right to appeal, which is a legal question reviewed de novo. *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008).

"Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *Id.* (quoting *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991)). Maxwell frames his void-for-vagueness challenge to § 1591(c) as a jurisdictional claim to avoid this bar. Maxwell, however, lacks standing to challenge § 1591(c) because, as discussed above, that subsection did not apply to him, given his admission that he knew that the victim was under 18 years of age. *See United States v. Hill*, 167 F.3d 1055, 1064 (6th Cir. 1999).

Maxwell argues that the district court should have ordered sua sponte a mental-competency evaluation before accepting his guilty plea. Even if this argument were not barred by Maxwell's unconditional guilty plea, we would review for plain error because it was not raised below. *See United States v. Denkins*, 367 F.3d 537, 545 (6th Cir. 2004). "[T]he district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is 'reasonable cause to believe' that the defendant is incompetent to stand trial." *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989). "[T]he bar for incompetency is high: a criminal defendant must lack either a 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' or 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 172 (1975)).

In denying Maxwell's motion to set aside his guilty plea, the district court noted that Maxwell "was rational and lucid during the plea hearing." Maxwell did not "exhibit irrational behavior at the plea hearing, or otherwise act in a way that called his competency into question." *Denkins*, 367 F.3d at 547. In response to the district court's questions during the plea colloquy, Maxwell indicated that his attorney had explained the underlying facts, the applicable law, and

his options as to pleading guilty or proceeding to trial and that he understood the charge against him, that he was pleading guilty to that charge, and the consequences of pleading guilty. Maxwell asserts that the district court should have ordered a mental-competency evaluation based on his response that he had taken oxycodone for his pain. Maxwell represented to the district court that he was no longer taking oxycodone and that his medication did not interfere with his ability to understand the plea proceedings. Under these circumstances, the district court's failure to order a mental-competency evaluation before accepting Maxwell's guilty plea was not erroneous, particularly in light of the fact that a subsequent evaluation concluded that he was competent. *See id.*

Maxwell waived his right to appeal his sentence in the plea agreement. A defendant "may waive any right, even a constitutional right, by means of a plea agreement," but such waivers "must be made knowingly and voluntarily." *United States v. Gibney*, 519 F.3d 301, 305–06 (6th Cir. 2008) (internal quotation marks and citations omitted). "To ensure that the waiver of appellate rights is both knowing and voluntary, Federal Rule of Criminal Procedure 11(b)(1)(N) requires a district court, when accepting a defendant's guilty plea, to 'inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.'" *Id.* at 306 (quoting Fed. R. Crim. P. 11(b)(1)(N) (ellipsis in original)). In his plea agreement, Maxwell agreed to waive his right to appeal his sentence if the district court imposed a sentence below the bottom of the guidelines range as determined by the district court. The district court sentenced Maxwell to 216 months of imprisonment, varying downward from a guidelines range of 262 to 327 months. During the plea hearing, the district court reviewed the plea agreement's appellate-waiver provision and confirmed that Maxwell understood the waiver of his appeal

rights. The record reflects that Maxwell knowingly and voluntarily waived his right to appeal his sentence. *See United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004). Even if Maxwell did not waive his right to appeal his sentence, his argument that the sentencing guidelines violate the Presentment Clause has been rejected by this and other courts. *See United States v. Pummell*, No. 94-3511, 1995 WL 116246, at *1 (6th Cir. Mar. 17, 1995); *United States v. Rogers*, No. 91-5695, 1992 WL 20292, at *1 (6th Cir. Feb. 7, 1992); *United States v. Macias*, 930 F.2d 567, 571–72 (7th Cir. 1991); *United States v. Zapata-Alvarez*, 911 F.2d 1025, 1027 (5th Cir. 1990); *United States v. Scampini*, 911 F.2d 350, 352–54 (9th Cir. 1990); *United States v. Barnerd*, 887 F.2d 841, 842 (8th Cir. 1989); *see also United States v. Horn*, 679 F.3d 397, 407 (6th Cir. 2012) (stating that the defendant "cites no authority for the proposition that a rule passed by an agency violates the bicameral passage and presentment requirements of Congress").

For the foregoing reasons, we AFFIRM the district court's judgment.