NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0686n.06

No. 15-5785

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Dec 19, 2016

DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                   )
                                            )
        Plaintiff-Appellee,                 )
                                            )   ON APPEAL FROM THE
v.                                          )   UNITED STATES DISTRICT
                                            )   COURT FOR THE EASTERN
DESERA JADE ALLEN,                          )   DISTRICT OF TENNESSEE
                                            )
        Defendant-Appellant.                )
                                            )

**BEFORE: KEITH, McKEAGUE, and WHITE, Circuit Judges.**

**DAMON J. KEITH, Circuit Judge.** This is a direct appeal of the criminal judgment rendered against Defendant-Appellant Desera Jade Allen ("Allen") by the United States District Court for the Eastern District of Tennessee. Specifically, Allen appeals her conviction for Conspiracy to Distribute and Possession with Intent to Distribute a-PVP, a Schedule I Controlled Substance Analogue. Allen requests that the case be remanded for the district court to make a retroactive determination of her competency to enter a guilty plea. Alternatively, Allen requests remand for resentencing because the district court purportedly failed to adequately "consider and address" her mental health before imposing her sentence. **WE AFFIRM**.

## I.    Background

On July 15, 2014, Allen agreed to plead guilty to the sole count in the indictment: Conspiracy to Distribute and Possession with Intent to Distribute a-PVP, a Schedule I Controlled Substance Analogue, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C)."

Thereafter, a change of plea hearing was held on July 24, 2014. At the hearing, the district court explained to Allen that before accepting her guilty plea, there were a number of questions that the court needed to ask her, in order to assure the court that Allen's plea was valid. Among those questions, the district court inquired as to whether Allen had ever been treated for any mental illness, to which she responded "[j]ust anxiety." The district court also asked Allen whether she understood what was happening at the hearing, to which she responded affirmatively. Further, the district court asked Allen's attorney whether he considered Allen to be competent to enter a guilty plea, to which he answered affirmatively. Additionally, Allen and her attorney both stated that Allen understood the charge against her, the elements of that charge, and the legal meanings of the terms used in the indictment. Allen also told the court that she understood the rights she would be giving up by entering into a plea of guilty. At the conclusion of the change of plea hearing, the district court determined that – based on its observations of Allen and her responsiveness, and her answers to the questions posed by the court – Allen was competent to plead guilty, and that she knowingly and voluntarily offered to plead guilty. Thereafter, the court accepted Allen's guilty plea.

On October 16, 2014, the presentence report was filed. Among other things, the report indicated that: Allen's total offense level is 31, she is a career offender, her criminal history category is VI, and her advisory guideline range is 188 to 235 months.

Four months following the change of plea hearing, Allen's attorney filed a motion to withdraw as counsel due to irreconcilable differences arising between him and Allen. Subsequently, Allen retained new counsel who then filed a motion to withdraw the plea agreement on Allen's behalf. However, shortly thereafter, her attorney sought withdrawal of the motion, which the district court granted.

Thereafter, Allen filed a sentencing memorandum and motion for downward departure, in which she disclosed that while incarcerated awaiting sentencing, she was diagnosed with, and started treatment for, bipolar disorder. She also claimed that she has a family history of mental illness and that her addiction to narcotics stems from her lack of mental health treatment for bipolar disorder. Allen requested that the district court "consider her mental health in establishing her sentence, and grant her a downward departure from her current guideline range."

Prior to sentencing, the government filed its own motion for downward departure and sentencing memorandum, recommending a two-level reduction in Allen's offense level based on her cooperation, and a departure range of 151 to 188 months.

At the sentencing hearing, the district court granted the government's motion for downward departure and denied Allen's motion for downward departure. This direct appeal followed shortly thereafter.

## II.      Allen's Competency to Enter a Guilty Plea

In this timely appeal, Allen first asserts that the district court erred by failing to revisit, *sua sponte*, the issue of Allen's competency when it was made aware that Allen is a person with bipolar disorder. Because Allen did not raise this argument in the district court, we review for plain error. *United States v. Maxwell*, 569 F. App'x 361, 364 (6th Cir. 2014); *United States v. Denkins*, 367 F.3d 537, 545 (6th Cir. 2004).

A defendant or the Government "may file a motion for a hearing to determine the mental competency of the defendant." 18 U.S.C. § 4241(a). The court must grant the motion, or order a hearing *sua sponte*, "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [she] is unable to understand the nature and consequences of the proceedings against [her] or to

assist properly in [her] defense." *Id.* A district court has the duty "to inquire into a defendant's competency whenever there is reasonable cause to believe that the defendant is incompetent to stand trial." *Maxwell*, 569 F. App'x at 364 (citing *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989)) (internal quotation omitted).

Allen asserts that the district court should have ordered a competency hearing because she is an individual living with bipolar disorder. She does not argue that she was incompetent, but instead argues that because she is living with a "long-standing" mental illness, the district court should have inquired into whether she was competent to enter her guilty plea.

Allen provides no medical evidence demonstrating that the mental illness was long-standing. Instead, she asserts that the statement her attorney made at the sentencing hearing, "I believe my client has been mentally ill for years," should have "raised the red flag concerning Ms. Allen's competency at the time she entered her plea." She has not put forth any evidence that establishes that her attorney is qualified to make a mental health determination, nor has she provided any evidence from a medical or mental health professional indicating that she suffered from mental illness for years. All that is known is that after entering a guilty plea, Allen was diagnosed with bipolar disorder. Living with bipolar disorder, by itself, does not automatically trigger a district court's obligation to *sua sponte* order a competency hearing. Allen cites no authority supporting her assertion that this is the standard that the district court must apply.

The district court must order a competency hearing when there is reasonable cause to believe that the defendant is incompetent to stand trial. *Maxwell*, 569 F. App'x at 364. Living with bipolar disorder, by itself, does not support a showing of reasonable cause. For the district court to have had a duty to order a competency hearing, Allen would have needed to exhibit behavior demonstrating that she lacked "either a sufficient present ability to consult with [her]

4

lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against [her]." *Id.* (citing *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008)) (further citations and internal quotations omitted).

Allen asserts that the fact that her counsel withdrew from representation, claiming "irreconcilable differences," and that she filed a motion to withdraw her plea, and subsequently withdrew said motion, is demonstrative of the fact that she was "troubled or confused about her understanding of her plea and its consequences." She asserts that "fits and starts of this kind" should have given the district court "reasonable concern that such a pattern of behavior was consistent with an individual in the manic throes of untreated bipolar disorder." Allen's arguments are without merit. Her assertion that her change in counsel and brief attempt at changing her plea evinces that she was in the "manic throes" of untreated bipolar disorder are not supported by expert testimony, any other form of medical evidence, or case law. Further, "strained relationships" with attorneys do not render a defendant incompetent. *See United States v. Dubrule*, 822 F.3d 866, 880 (6th Cir. 2016).

Next, Allen asserts that her family's history of mental illness and suicide should have casted doubt on her own competency. The competency of her family is not pertinent, given that there is no evidence that her family's mental health has a bearing on or correlates with her own.

The record establishes that Allen was lucid and rational throughout the proceedings, and that she did not "exhibit irrational behavior at the plea hearing, or otherwise act in a way that called [her] competency into question." *Cf. Maxwell*, 569 F. App'x at 365 (citing *Denkins*, 367 F.3d at 547). Both Allen and her attorney indicated that her attorney had explained the underlying facts, applicable law, and her options as to pleading guilty or proceeding to trial. She indicated to the court that she understood the charges against her, that she was pleading guilty to

the charge, and that she understood the consequences of pleading guilty. *Cf. id.* at 364. Thus, under these circumstances, the district court did not abuse its discretion by failing to order a competency hearing when it became aware that Allen was diagnosed with bipolar disorder.

### III.    Reasonableness of Allen's Sentence

"Sentences in criminal cases are reviewed for procedural and substantive reasonableness." *United States v. Freeman*, 640 F.3d 180, 185 (6th Cir. 2011) (citation omitted). "This review is conducted under the deferential abuse-of-discretion standard." *Id.* Allen argues that his sentence was both procedurally and substantively unreasonable.

### A. Procedural Unreasonableness

For a sentence to be procedurally reasonable, we must ensure that the district court:

(1) properly calculated the applicable advisory Guidelines range; (2) considered the other [18 U.S.C.] § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.

*United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007).

With respect to the sentence imposed, Allen asserts that the sentence is procedurally unreasonable because the district court failed to "adequately address" her mental illness as part of her "history and characteristics," as required by 18 U.S.C. § 3353(a), and dismissed her mental illness as a "non-issue." With respect to sentencing a defendant, this circuit has stated the following:

When sentencing a defendant, the district court "'must make an individualized assessment based on the facts presented' and upon a thorough consideration of all of the § 3553(a) factors." *Bolds*, 511 F.3d at 580 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007). The district court commits procedural error where it fails to set forth a statement of reasons sufficient to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for imposing a particular sentence. *Id.; see also Rita v. United States,* 551 U.S. 338, 356 (2007).

> The court need not "make specific findings related to each of the factors considered." *Bolds,* 511 F.3d at 580 (quoting *United States v. McClellan,* 164 F.3d 308, 310 (6th Cir. 1999)). However, "when 'a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it.' " *United States v. Jones,* 489 F.3d 243, 251 (6th Cir. 2007) (quoting *United States v. Richardson,* 437 F.3d 550, 554 (6th Cir. 2006)); *see also Simmons,* 587 F.3d at 360 ("A sentencing judge must explicitly consider factors that are raised by the defendant or that are otherwise especially relevant to the case at bar.")

*United States v. Daniels*, 641 F. App'x 481, 488 (6th Cir. 2016) (internal citations updated).

At the sentencing hearing, while considering the history and characteristics under 18 U.S.C. § 3353(a), the district court stated that "[t]he court must recognize the mental condition, and we will address that later." The next time Allen's mental health was addressed was when the court imposed its sentence, during which the district court stated that "[t]he court will recommend that [the defendant] receive a physical and a mental health evaluation and needed treatment while in the custody of the bureau of prisons," and further, that upon release from imprisonment, "[the defendant] shall participate in a program of mental health treatment as directed by the probation officer until such time as [the defendant is] released from the program."

After the district court imposed its sentence, Allen's attorney stated the following to the court:

> Your honor, just an inquiry. When you were going over the relevant sentencing factors, you stated that you would address the mental health issue, I'm not sure the court addressed the mental health issue, just as it pertained to the sentence. I think the court just addressed it as to her incarceration, but I didn't know if the court was going to go into anything further in sentencing regarding her mental health, so that's the inquiry I have for the court.

(R. 234, Hr'g Tr. at Pg. ID 1117.)

The government thereafter clarified defense counsel's statement, stating that "I think what [counsel] is referring to is the motion for variance, to be clear for the record," to which the district court responded:

> Well, the motion is denied. We understand that [the defendant] has mental problems. . . . but under the circumstances, you know, it was quite clear that nobody filed a motion for a mental evaluation in this case . . . so that's a non-issue as far as I'm concerned. The people I had in court today, most of them had mental problems, and I think you said that more than half the people in the federal penitentiary have mental problems . . . I don't doubt that.

(R. 234, Hr'g Tr. at Pg. ID 1117–18.)

Allen asserts that the district court's statements demonstrate that it ignored her history and characteristics as they pertain to her mental health. Allen's assertion is incorrect. The district court's sentence was procedurally reasonable because the record reflects that the district court's individualized assessment did not ignore Allen's mental health. Rather, the record reflects that the district court considered Allen's argument for further variance based upon her mental health, and in rejecting that argument remarked on the commonness of mental illness among federal offenders, implying the court did not consider Allen's mental illness to be exceptional enough to justify a lower sentence.[1]

When read in its full context, the district court's statement does not demonstrate that it ignored Allen's diagnosis of bipolar disorder, nor does it suggest that the court considered her disorder irrelevant. Rather, we understand the court's explanation to mean that while taking Allen's mental health into account, all that was known was that she was recently diagnosed with bipolar disorder, and given that Allen had already received a downward departure and a sentence *below* the suggested guidelines, a downward

---

[1] We also read the district court's explanation in the context of the guidelines' policy statement that "[m]ental health and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an *unusual degree* and distinguish the case from the typical cases covered by the guidelines." U.S.S.G. 5H1.3 (emphasis added).

variance based solely on the fact that she was recently diagnosed with bipolar disorder was unwarranted. In noting that no mental evaluation had been requested, the court essentially explained that it was provided no medical evidence demonstrating that Allen's bipolar disorder had any influence on her criminal conduct. Thus, given that no further details about Allen's diagnosis were presented to the court, it did not abuse its discretion in denying further departure or variance.

The record further demonstrates that the district court considered Allen's arguments about her mental health, and made an individualized assessment, when it recommended that Allen should receive a mental health evaluation and needed treatment for her mental health issues while incarcerated. Further, the district court ordered Allen to participate in a program of mental health treatment as directed by the probation officer upon release from incarceration. Accordingly, the district court did not abuse its discretion with respect to the procedural reasonableness of Allen's sentence, given that the district court explicitly considered the mental health argument she raised in seeking a lower sentence.

## B. Substantive Reasonableness

When reviewing the substantive reasonableness of a sentence under an abuse-of-discretion standard, we "'tak[e] into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Sandoval*, 501 F. App'x 491, 492 (6th Cir. 2012) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *Id.* (quoting *United States v. Tristan–Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010)). "For a sentence to be substantively

reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (internal citation and quotation omitted).

Allen asserts that her sentence is substantively unreasonable because the district court purportedly "failed to recognize that the nature and impact of mental illness in her circumstances necessitated a lesser sentence." Specifically, she states that her "bipolar diagnosis while incarcerated prior to sentencing, as well as her family's unfortunate history of mental illness, cast a pall over the proceedings that the district court failed to fully appreciate." Allen's argument is unavailing.

Based upon a base offense level of 31, a criminal history category of VI, and her status as a career offender, Allen's sentencing range was 188 to 235 months of imprisonment. But after granting the government's motion for a downward departure, the district court sentenced Allen to 151 months of imprisonment. Allen's assertion that her below-guidelines sentence is unreasonably severe, because it should have been shorter, does not give rise to a presumption of unreasonableness. *Curry*, 536 F.3d at 573. In fact, this court has held that "it follows from simple logic that [a] *below*-Guidelines sentence is presumed . . . not to be unreasonably severe." *United States v. Bailey*, 264 F. App'x 480, 485 (6th Cir. 2008) (emphasis in original).

The district court recognized Allen's mental health diagnosis, made note of her troubled upbringing, and accordingly ordered mental health treatment and imposed a sentence at the low end of the departure range, making readily apparent to this court that the district court's sentence was proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a).

Allen's argument that the district court's sentence was substantively unreasonable because it failed to consider "the impact of her mental illness in her circumstances" when imposing its sentence, is unpersuasive because Allen provided the district court with no expert testimony, or any form of medical evidence demonstrating that her mental illness was long-standing or that her disorder had an impact on her criminal conduct. Thus, for the abovementioned reasons, we conclude that the district court did not abuse its discretion in not awarding further variance.

## IV.    Conclusion

Accordingly, we **AFFIRM** the district court's judgment.