NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0166n.06

No. 16-5394

## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

**FILED**
Mar 16, 2017
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    **Plaintiff – Appellee,**

v.

TONY WILLIAMS,

    **Defendant – Appellant.**

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

BEFORE:    KEITH, BATCHELDER, and McKEAGUE, Circuit Judges.

**DAMON J. KEITH, Circuit Judge.** Defendant-Appellant Tony Williams ("Williams") appeals the sentence imposed after he pled guilty to robbery affecting interstate commerce in violation of 18 U.S.C. § 1951. Williams entered a guilty plea through an agreement that stipulated to a term of 96 months of incarceration pursuant to Fed. R. of Crim. P. 11(c)(1)(C). The signed plea agreement contained a waiver of Williams' appellate rights. The Presentencing Report ("PSR") provided for a sentencing range of 84 to 105 months. However, following objections made by Williams at sentencing, the district court instead determined a range of 46 to 57 months. Nonetheless, the district court accepted the plea agreement, which resulted in an above-Guidelines sentence of 96 months. The district court did not provide a written explanation for the above-Guidelines sentence in its Statement of Reasons form. Williams argues on appeal that (1) the district court abused its discretion in accepting the above-Guidelines sentence in the plea agreement without sufficiently stating the reasons for the upward variance, and (2) his

conviction should be reversed because he received ineffective assistance of counsel. For the following reasons, we **DISMISS** Williams' appeal.

## I.     Background

On March 19, 2015, Williams and co-defendant Kentarius Carpenter ("Carpenter") were charged in a two-count grand jury indictment. Count I alleged robbery affecting interstate commerce in violation of 18 U.S.C. § 1951. Count II alleged brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). Count I carried a maximum term of twenty years' imprisonment, and Count II carried a minimum term of seven years.

The robbery occurred on April 28, 2014 in Memphis, Tennessee. Williams and Carpenter forced a female employee of a Dollar General store, Heather Findley ("Findley"), out of her vehicle and into the store after she had closed up for the night. The two men made Findley open a safe inside the store, and one of the men took an undetermined amount of cash out of the safe. While they were in the store, the police arrived, forced open the security doors, and arrested Williams and Carpenter.

Following the indictment, Williams requested the appointment of counsel, and Assistant Federal Defender Needum Germany ("Germany") entered an appearance on his behalf. At arraignment, Williams pled not guilty to Count I and Count II. On the first scheduled day of trial, a different Assistant Federal Defender, Mary Jermann-Robinson ("Jermann-Robinson"), made an appearance as Williams' co-counsel for the first time. As the trial opened, she stated that there had "been some falling out . . . [and] some angry communication between [Williams] and Germany." Moments later, counsel for both parties conferred, and informed the court that they may have reached a settlement. The district court called a recess, and the parties returned

with a signed plea agreement that stipulated to a 96-month term of incarceration pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The agreement provided that Williams would plead guilty to the Count I robbery charge and waive his appellate rights. The waiver provision in the plea agreement states that:

> [t]he defendant understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the period of incarceration is 96 months. This waiver is made in exchange for the concessions made by the United States in this Plea Agreement.

In exchange for the guilty plea, the government agreed to drop Count II.

The plea agreement was filed in open court, and the district court immediately conducted a plea hearing with Williams. Following a lengthy plea colloquy, the district court found Williams competent to plead guilty and accepted the guilty plea. The district court repeatedly asked whether Williams understood the effect of the appellate waiver, and Williams stated that he understood that all of his appeal rights[1] would be forfeited if he were sentenced to 96 months in accordance with the agreement.

Following the district court's acceptance of Williams' plea, the PSR calculated a criminal history category of IV and a total offense level of twenty-five, resulting in a Guidelines range of 84 to 105 months. The total offense level was increased by six points because a firearm was used during the commission of the robbery. Williams' appointed counsel, Germany, filed an objection to the PSR stating that the weapons enhancement should not apply under the facts of his case, but Germany did not object to any of the facts set forth in the PSR relating to a weapon being used in the robbery. Jermann-Robinson thereafter filed a

---

[1] The court clarified that the waiver did not eliminate Williams' right to bring an appeal based on prosecutorial misconduct or ineffective assistance of counsel.

supplement to Williams' position on the PSR, which stated that Carpenter, but not Williams, possessed a weapon during the commission of the robbery. The supplement argued that the "Guidelines are calculated correctly," but requested that the district court grant a downward variance from that range.

Less than a month after Jermann-Robinson filed a supplement to Williams' PSR position, both she and Germany filed motions to withdraw as counsel, and the district court granted the motions. Williams subsequently filed a motion to withdraw his guilty plea through his newly-appointed counsel, Claiborne Ferguson ("Ferguson"). This motion was withdrawn after the district court warned Williams that he could be subject to perjury charges if he testified contrary to statements made during his plea colloquy. The case proceeded to sentencing.

At the sentencing hearing, Williams expressed frustration with counsel and asked the district court if he could "go pro se" at the hearing. The district court granted this request, and Williams thereafter represented himself while Ferguson remained in the courtroom to supervise. Williams stated his objections to the facts and to the Sentencing Guidelines range in the PSR. He denied that a weapon was used during the robbery and objected to the application of the six-point weapon enhancement. Upon Williams' objection, the district court agreed to remove all language in the PSR that referenced a firearm from consideration. Thus, the six-point weapon enhancement was removed, and the court recalculated the Guidelines range to be 46 to 57 months. Yet despite the reduced Guidelines range, the district court accepted the plea agreement and imposed the agreed-to 96-month sentence.

The district court produced a Statement of Reasons form following its acceptance of the plea agreement. However, the Statement of Reasons form erroneously stated that the sentence imposed was "below the guideline range" in accordance with a binding plea agreement. In the

space provided on the Statement of Reasons form, the court provided no reasons for the upward variance from the 46 to 57 month range. The only explanation for the upward variance appeared in the section titled "additional basis for the sentence in this case," in which the district court remarked only that, "[t]he Court accepted the plea agreement in this case that included an 11(c)(1)(C) agreed upon sentence of 96 months custody."

## II.   Discussion

### A. Williams waived his right to appeal the district court's acceptance of the Rule 11(c)(1)(C) plea agreement

The threshold question in this case is whether Williams waived his right to appeal the district court's acceptance of his plea agreement. Whether a defendant has waived the right to appeal his or her sentence through a valid plea agreement is reviewed de novo. *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005).

Williams entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). The plea agreement contained a waiver stating that Williams "knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the period of incarceration is 96 months." The district court sentenced Williams to 96 months in accordance with the agreement, and Williams makes no argument that the waiver in the plea agreement is invalid.

Williams argues that the appellate waiver does not apply because it was an abuse of discretion for the district court to accept the above-Guidelines sentence stipulated to in the plea agreement. A district court applying an outside-of-Guidelines sentence may only accept a Rule 11(c)(1)(C) agreement if "the agreed sentence is outside the applicable guideline range for justifiable reasons; and [] those reasons are set forth with specificity in the statement of reasons form." U.S.S.G. § 6B1.2(c)(2). Williams argues that (1) the district court did not provide

5

justifiable reasons for approving the agreement, which included a sentence thirty-nine months above the determined Guidelines range, and (2) the district court did not properly set forth specific reasons for the above-Guidelines sentence in its Statement of Reasons form. While there may be merit to this argument,[2] we hold that the appellate waiver in Williams' plea agreement bars his claim on appeal.

Under Rule 11, plea agreements may determine that "a specific sentence or sentencing range is the appropriate disposition of the case . . . [and] such a recommendation or request binds the court once the court accepts the plea agreement[]." Fed. R. Crim. P. 11(c)(1)(C). Thus, once the district court accepted Williams' plea agreement, it became a binding sentence. It is true that the court's acceptance must itself be "based on the Guidelines." *Freeman v. United States*, 564 U.S. 522, 529 (2011) (citing U.S.S.G. § 6B1.2) (internal quotation marks omitted). It is also true that a district court may not "accept an 11(c)(1)(C) agreement without first evaluating the recommended sentence in light of the defendant's applicable sentencing range." *Id.* Accordingly, the district court's acceptance of a Rule 11(c)(1)(C) plea agreement can generally be challenged on appeal for failure to properly evaluate the sentence in relation to the applicable Guidelines range or for providing an insufficient statement of reasons for accepting an outside-of-Guidelines sentence. However, such an appeal is precisely what the waiver in Williams' plea agreement forbids—an appeal of his sentence or the manner in which his sentence was determined.

Williams argues that the waiver does not apply in this situation because his challenge is not to the sentence itself, but to the district court's error in accepting the plea agreement without

---

[2] The Statement of Reasons form submitted by the district court contained an erroneous assertion that Williams was sentenced to a below-Guidelines sentence, and the Statement of Reasons form provided no explanation for imposing a sentence that was 39-months above the determined Guidelines range, other than that there was "an 11(c)(1)(C) agreed upon sentence of 96 months."

following the requirements of U.S.S.G. § 6B1.2(c)(2). However, this is a distinction without a difference. In the context of an analogous statutory provision, 18 U.S.C. § 3553(c)(2), this Court reviews the failure of a district court to properly state the reasons for an upward variance for procedural reasonableness.[3] *See, e.g., United States v. Blackie,* 548 F.3d 395, 400–403 (6th Cir.2008); *United States v. Daniels*, 641 F. App'x 481, 489–492 (6th Cir. 2016); *United States v. Zobel*, 696 F.3d 558, 566–569 (6th Cir. 2012). This Court has confirmed that a defendant's general waiver of appellate rights can include waiver of the right to bring procedural and substantive unreasonableness challenges. *See United States v. Jones*, 425 F. App'x 449, 456 (6th Cir. 2011) ("[t]he appellate-waiver provision therefore unambiguously applies to the type of procedural- and substantive-reasonableness claims that Jones now attempts to raise on appeal"); *see also United States v. English*, 520 F. App'x 428, 432 (6th Cir. 2013); *see also United States v. Moon*, 808 F.3d 1085, 1089–90 (6th Cir. 2015). Accordingly, we find Williams' argument unconvincing. The right to appeal a district court's acceptance or rejection of a sentence provided in a Rule 11(c)(1)(C) plea agreement can be waived in the same fashion as claims of procedural unreasonableness. *See United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001) ("It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement"). Here, the broad appeal waiver provision in Williams' Rule 11(c)(1)(C) agreement unambiguously barred his right to appeal any error in the district court's acceptance or rejection of the agreement as long as the sentence imposed was 96 months.

---

[3] This section contains very similar requirements to U.S.S.G. § 6B1.2. It provides that the sentencing court "shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Further, if the sentence is outside-the-Guidelines, the court shall state "the specific reason for the imposition of a sentence . . . must also be stated with specificity in a Statement of Reasons form . . ." 18 U.S.C. § 3553(c)(2).

"When a defendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) (internal citation and quotation omitted). Williams was ultimately sentenced to 96 months, well below the statutory maximum of twenty years that he faced under Count I, and there are no exceptional circumstances present that would allow us to review his sentence. *See* 18 U.S.C. § 1951(a); *cf. United States v. Caruthers*, 458 F.3d 459, 472 (6th Cir. 2006) ("an appellate waiver does not preclude an appeal asserting that the statutory-maximum sentence has been exceeded"). Therefore, we are bound to enforce the agreement.

**B. The record is not sufficiently developed to warrant review of Williams' ineffective assistance of counsel claims on direct appeal**

"[O]rdinarily we will not review a claim of ineffective assistance of counsel on direct appeal because the record is usually insufficient to permit an adequate review of such a claim." *United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005) (citation omitted). "An exception exists, however, when the record is adequately developed to allow this Court to assess the merits of the issue." *United States v. Hall*, 200 F.3d 962, 965 (6th Cir. 2000). Williams argues that his trial counsel's performance was defective for at least four reasons: (1) Germany "abandoned" him on the first day his trial was scheduled to begin; (2) Germany and Jermann-Robinson pressured him into taking a binding plea agreement by misinforming him of the potential sentence he would face; (3) Ferguson withdrew his motion to withdraw the guilty plea; and (4) all of his attorneys failed to make adequate objections to the PSR. Williams claims that the deficiency of counsel is evident from the face of the record, and his ineffective assistance of counsel claims can be adjudicated on direct appeal. However, we decline to address these claims on direct appeal because, as explained below, the record is insufficiently developed.

First, the district court did not hold any evidentiary hearings relating to Williams' ineffective assistance of counsel claims, and the record provides insufficient corroboration of Williams' allegations. *Cf. United States v. Wynn*, 663 F.3d 847, 850–51 (6th Cir. 2011) ("[t]he district court held a hearing . . . on Wynn's motion to withdraw his guilty plea due to ineffective assistance of counsel, at which time both parties presented evidence on all of the ineffective assistance of counsel issues that form the basis of th[e] appeal"). It is clear from the record that Jermann-Robinson, not Germany, spoke on behalf of Williams on the first day of trial. The record also shows that there was "some falling out" and "some angry communication between [Williams] and Germany." However, without corroboration of the reasons and circumstances underlying the angry communication, and Germany's apparent absence from court on the first day of trial, we are unable to determine whether Germany "abandoned" his client, as Williams claims.

The record shows that the parties entered into the plea agreement on the first day of trial. However, nothing in the record corroborates that Germany or Jermann-Robinson misinformed Williams regarding the sentence he would face if he did not accept the agreement. Therefore, a more developed record is required to adjudicate Williams' claim that Germany and Jermann-Robinson "pressured" and "misinformed" him in the course of providing counsel during the plea negotiations.

Similarly, the record contains minimal context for the actions and decision-making processes of the three attorneys alleged to have rendered ineffective counsel to Williams. To determine whether the attorneys made "reasonable tactical decision[s] in light of the evidence," more information is required. *See United States v. Maxwell*, 569 F. App'x 361, 363 (6th Cir. 2014).

Therefore, the record is not adequately developed to adjudicate Williams' ineffective assistance of counsel claims on direct appeal, and "[t]he proper avenue for raising such claims is through a collateral attack on the conviction pursuant to 28 U.S.C. § 2255." *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995) (citing *United States v. Goodlett,* 3 F.3d 976, 980 (6th Cir.1993)).

### III.    Conclusion

For the foregoing reasons, we **DISMISS** Williams' appeal insofar as he challenges his sentence because Williams waived his right to appeal the 96-month sentence. Further, we decline to review Williams' ineffective assistance of counsel claims on direct review because the record is not adequately developed. In this respect, Williams' appeal is dismissed without prejudice to his right to seek relief under 28 U.S.C. § 2255.